**Not For Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUNTHER SLATON, et al., : | |
| : | Civil Action No. 04-4939 (FSH) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | **OPINION & ORDER** |
| ANTON STEPHENS, et al., : | |
| : | July 11, 2005 |
| Defendants. : | |

**HOCHBERG, District Judge.**

This matter calls upon the Court to determine whether to grant Defendants Anton Stephens, Merrill Lynch International Bank Limited ("MLIB") and Broadwater, LTD.'s ("Broadwater") motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). This Court having considered the written submissions by the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiff must establish personal jurisdiction through the procedures set forth in Fed. R. Civ. P. 4; and

it appearing that Plaintiffs assert quasi in rem as their sole basis for jurisdiction; and

it appearing that a federal court's in personam or quasi in rem jurisdiction over a nonresident of the state in which it sits is controlled by the laws of that state, Fed. R. Civ. P. 4(e) and (n); and

it appearing that specific jurisdiction arises when a plaintiff's claim is related to or arises out of defendant's contacts with the forum, IMO Indus. Inc. v. Kiekert A.G., 155 F.3d 254, 259

(3d Cir. 1998); Mellon Bank v. Farino, 960 F.2d 1217, 1220 (3d Cir. 1992);[1] and

it appearing, therefore, that the Court must apply the precepts of the Due Process clause under Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny to determine 1) whether the Defendants have sufficient minimum contacts with the state of New Jersey and 2) whether the maintenance of suit here comports with "traditional notions of fair play and substantial justice," id. at 316;[2] and

it appearing that the Int'l Shoe test is applicable regardless of whether the Court's jurisdiction over the person is dependent upon in personam or quasi in rem jurisdiction, Shaffer v. Heitner, 433 U.S. 186, 212 (1977) (holding that quasi in rem jurisdiction "must be evaluated according to the standards set forth in Int'l Shoe and its progeny"); and

it appearing that once a defendant raises the defense of lack of personal jurisdiction, plaintiff bears the burden of setting forth sufficient facts to establish "with reasonable particularity sufficient contacts between the defendant and the forum state," Mellon Bank, 960 F.2d at 1223 (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434

---

[1]In contrast, if a party is subject to general jurisdiction in New Jersey, that party can be called to answer any claim against it, regardless of whether the subject matter of the cause of action has any connection with New Jersey. Mellon Bank, 960 F.2d at 1220. In the instant matter, Plaintiffs do not argue that any of the Defendants have sufficient contacts with New Jersey to warrant the exercise of general jurisdiction.

[2]To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must exercise a two-step inquiry. First, the court must apply the relevant long-arm statute. Then, the court must determine whether the exercise of personal jurisdiction complies with the Due Process Clause of the Constitution. In New Jersey, this inquiry is collapsed into one step because New Jersey permits the exercise of personal jurisdiction to the fullest limits of due process. IMO, 155 F.3d at 259; see also Charles Gendler and Co. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986).

(3d Cir. 1987);[3] and

it appearing that the Plaintiffs have not submitted sufficient evidence of contacts between Defendants and New Jersey, and therefore fail to meet the Int'l Shoe requirements,[4] 326 U.S. at 316; and

it appearing that Plaintiffs do not present sufficient evidence to support the exercise of quasi in rem jurisdiction;[5] and

---

[3]If the plaintiff establishes a prima facie case of personal jurisdiction, the defendant bears the burden of showing the unreasonableness of an otherwise constitutional assertion of jurisdiction. Phoenix Engineering and Supply, Inc. v. Amelco, Inc., 1994 WL 86659, at * 3 (D.N.J. 1994) (citing Mellon Bank, 960 F.2d at 1227). In this case, Plaintiffs have failed to establish a prima facie case supporting the exercise of personal jurisdiction. Therefore, the Court need not reach the question of what Defendants must show to establish that an otherwise constitutional assertion of jurisdiction is unreasonable.

[4] Plaintiffs only support for its claim of jurisdiction in New Jersey is the existence of two accounts held at Defendant Merrill Lynch, Pierce, Fenner & Smith ("MLPFS") a company incorporated in Delaware with its principle place of business in New York. There is no evidence that these accounts were opened in New Jersey or that either MLIB or Broadwater engaged in any conduct regarding these accounts in New Jersey. Moreover, Broadwater is a company organized under the laws of the Cayman Islands, with no offices, employees or telephone listings in New Jersey. It is not authorized to do business in New Jersey and has no New Jersey customers. MLIB similarly does not have offices, employees or telephone listings in New Jersey. MLIB has only three customers with accounts or credit facilities with a business address or residence in New Jersey. Additionally, Stephens has no contacts in New Jersey; he is a resident of Canada and there is no evidence of any phone calls or travel to New Jersey. Thus, there is no evidence that MLIB, Broadwater and Stephens have either sufficient contacts with New Jersey to meet the Int'l Shoe test for specific jurisdiction, or "continuous and systematic" contacts to allow for general jurisdiction. Int'l Shoe, 326 U.S. at 316; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

[5] In addition to their failure to provide evidence of minimum contacts, Plaintiffs have not shown that the accounts were opened or maintained in New Jersey. In order for a court lacking jurisdiction over the person to have jurisdiction over a res, the res must be located within the forum. A corporate defendant's presence in the forum is, by itself, not enough to provide jurisdiction where the res is not within the forum. See Rush v. Savchuk, 444 U.S. 320, (1980) (rejecting the theory that an intangible property can be found, for jurisdictional purposes, wherever the defendant does business). Therefore, even though MLPFS is present in New

it appearing that this Court cannot conclude from the evidence presented that the Defendants purposefully directed their activities toward New Jersey, or that the Defendants could have foreseen being brought to court in New Jersey, <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985); <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980); and

it appearing that this Court cannot conclude from the evidence presented that the Defendants purposefully availed themselves of the privilege of conducting business within New Jersey, <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

**IT IS** on this 11th day of July, 2005,

**ORDERED** that the Defendants' Motion to Dismiss for lack of personal jurisdiction is **GRANTED**; and it is further

**ORDERED** that this case is **CLOSED**.[6]

<u>/s/ Faith S. Hochberg</u><br>
Hon. Faith S. Hochberg, U.S.D.J.

---

Jersey, Plaintiff's claim is destroyed by the lack of evidence establishing that the accounts are present in New Jersey or arose out of any contacts in New Jersey. The mere fact that MLPFS's online division operates in New Jersey and that the accounts are accessible online does not establish that the accounts are present in New Jersey. <u>Cf.</u> <u>Dickstein v. Merrill Lynch, Pierce, Fenner & Smith Inc.</u>, 685 A.2d 943, 949 (N.J. Sup. Ct. App. Div. 1996) (finding that the account in question was present in the forum because the account was opened in that forum, and the assets were held on account in that forum).

[6] The Court having found no personal jurisdiction over MLIB, Broadwater or Stephens, the case cannot continue without these indispensable parties. Fed. R. Civ. P. 19(b).